

**SO ORDERED,**

*Jamie A. Wilson*

Judge Jamie A. Wilson
United States Bankruptcy Judge
Date Signed: November 19, 2025

The Order of the Court is set forth below. The docket reflects the date entered.

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:                                                    CHAPTER 12 NO.:

KEVIN ALTON WALTON                                                   24 – 02317 – JAW

### ORDER CONFIRMING THE DEBTOR'S CHAPTER 12 PLAN, AWARDING FEE TO THE DEBTOR'S ATTORNEY AND RELATED ORDERS

Following the meeting of creditors held pursuant to 11 U.S.C. 341 at which the Debtor appeared virtually through videoconference to be examined by creditors and other interested parties. A confirmation hearing was scheduled for November 18, 2025, pursuant to 11 U.S.C. 1224, all objections and other matters before the Court having been resolved by agreement.

The following objections to confirmation of the Debtor's Chapter 12 Plan of Reorganization (Docket Number 111) were considered: Objection to Confirmation by Chapter 12 Trustee (Docket Number 112); said Objection being resolved herein and withdrawn; Objection to Confirmation by Riverhills Bank (Docket Number 117); said Objection being resolved herein and withdrawn.

The Court having considered the matters presented by the Trustee, counsel for the Debtor and by other interested parties, if any, and upon the pleadings and statements of parties and of counsel, and on the evidence presented, and the Court finds that the parties agree as follows:

    A.    Written notice of the meeting of creditors held pursuant to 11 U.S.C. 341 and of this hearing on the confirmation plan was given as required by Rule 2002.

    B.    The plan as presented for confirmation (hereinafter referred to as "the plan") complies with the provisions of Chapter 12 of Title 11 of the United States Code and the other applicable provisions of said Title;

    C.    Any fees, charges or other amounts required under Chapter 123 of Title 28, or by the plan, to be paid before confirmation have been paid;

    D.    The plan has been proposed in good faith and not by any means forbidden by law;

    E.    The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of Title 11 of the United States Code on such date; and

   F. With respect to each allowed secured claim provided for by the plan, the holder of such claim either accepted, or was deemed to have accepted, the plan or in the alternative –

    a) (i) the plan provides that the holder of such claim retains the lien securing such claim; and (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
    b) the plan proposes to surrender the property securing such claim to the creditor.

   G. If the Trustee or the holder of an allowed unsecured claim objected to the confirmation of the plan, then the Court finds that:

    a) the value of the property to be distributed under the plan on account of such unsecured claim is not less than the amount of such claim, or
    b) the plan provides projected disposable income, [as 'disposable income' is defined in 11 U.S.C. 1225(2)] to be received by the Debtor in the five (5) year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan; or the value of the property to be distributed under the plan in the five (5) year period, or such longer period as the Court may approve under Section 1222(c) is not less than the Debtor' projected disposable income for such period.

IT IS ORDERED THAT:

   1. The Debtor's Chapter 12 Plan of Reorganization (Docket Number 111) is confirmed, with the modifications as specified in the agreed orders, Consent Orders, and otherwise specified as follows: Objection to Confirmation by Chapter 12 Trustee (Docket Number 112) is withdrawn; Objection to Confirmation by Riverhills Bank (Docket Number 117); said Objection being resolved herein and withdrawn.

   2. The Debtor shall make the payments to the Trustee required by the plan as confirmed. The payments shall be made by the Debtor to the Trustee as indicated by the payment schedule attached hereto as Exhibit "A". The Trustee is entitled to collect the statutory percentage fee on all payments received under the Chapter 12 Plan and made pursuant to the payment schedule attached hereto as Exhibit "A".

   3. All property shall remain property of the estate and shall vest in the Debtor only upon dismissal, discharge or conversion. The Debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the Trustee.

   4. The Trustee shall:

    a) Keep a detailed record of all receipts, including the source or other identification of each receipt, and of all disbursements [11 U.S.C. 1202(b)(1)]; and
    b) File with the Court, or if applicable, with the entity providing addressing service for the Court and the Trustee, notices of creditor's address changes brought to the attention of the Trustee. [Rule 2002(g)]; and
    c) Deposit all funds received by the Trustee under the plan with an entity which provides insurance, guaranties or deposits in the manner prescribed by 11 U.S.C. 345.

   5. Pursuant to 11 U.S.C. 1226 the order of payment, unless otherwise directed shall be:

    a) Any unpaid claim of the kind specified in Section 507(a)(1) of Title 11 U.S.C.;
    b) The percentage fee fixed for the Trustee pursuant to 11 U.S.C. 1202;
    c) Creditors whose claims are timely filed and allowed in such amounts and order of preference as may be provided by the plan or as may be required to provide adequate protection of the interest of any entity with an interest in property of the estate.

   6. The Trustee, the Debtor and attorney for the Debtor shall examine proofs of claim, or summaries thereof, and shall object to the allowance of improper claims as provided by 11 U.S.C. 704(5).

7.  The Trustee shall at least once yearly provide to the Debtor and the Debtor's Counsel a report showing the funds received and the disbursements made by him since the date of the last report and shall upon completion of the plan file with the Court a final report and account containing or incorporating by reference a statement of receipts and disbursements.

8.  Ninety days after the final distribution, the Trustee shall stop payment of all checks then unpaid and file with the Clerk of the Court a list of the names and addresses, so far as known, of the persons entitled to such payments and the amounts known thereof. The unclaimed funds shall be paid into the Court and disposed of under Chapter 129 of Title 28. [11 U.S.C. 347].

If Applicable:

9.  The Debtor has paid all amounts that are required to be paid under domestic support obligation that first become payable after the date of the filing of this petition as specified in 11 U.S.C. 1225(a)(7).

10. Upon completion of plan payments provided during the five (5) year term of plan, the Debtor shall receive a discharge on all unsecured debts provided for. Upon completion of all payments that exceed the five (5) year term of the plan, the Debtor shall receive a discharge of said debts.

11. That, a copy of the Debtor's Chapter 12 Plan of Reorganization is attached hereto as Exhibit "B". This Plan is hereby confirmed, with the modifications made herein.

12. That, all payments will be made by the Debtor in accordance with the Plan attached as Exhibit "B", or the payment schedule attached hereto as Exhibit "A," or as modified herein. It is ordered that the payments shall be made by the Debtor to the Trustee, Harold J. Barkley, Jr., P. O. Box 5069, Jackson, MS 39296-5069, as indicated by the payment schedule attached hereto as Exhibit "A".

ALLOWANCE OF ATTORNEY'S FEES:

That, Debtor's Attorney shall hereafter file an Application for an Allowance of Attorneys Fee for representation of Debtor in this cause if any further attorney's fees are sought by Debtor's Attorney.

##END OF ORDER##

APPROVED:

*/s/ H. J. B./*

HAROLD J. BARKLEY, JR. – MSB #2008
CHAPTER 12 TRUSTEE
POST OFFICE BOX 5069
JACKSON, MS 39269-5069
PHONE: 601/362-7153
FAX: 601/366-7442
E-MAIL: HJB@HBARKLEY13.COM

*/s/ Thomas C. Rollins Jr. (WITH PERMISSION)*
THOMAS C. ROLLINS, JR.- MSB #103469
ATTORNEY FOR DEBTOR

*/s/ Leslie R. Sadler (WITH PERMISSION)*
LESLIE R. SADLER – MSB #101513
ATTORNEY FOR RIVERHILLS BANK

**Payment Schedule of Kevin Alton Walton 24-02317-JAW**

| Date | Amount |
|---|---|
| December 15, 2025 | $ 9,872.87 |
| January 15, 2026 | $ 9,872.87 |
| February 15, 2026 | $ 9,872.87 |
| March 15, 2026 | $ 9,872.87 |
| April 15, 2026 | $ 9,872.87 |
| May 15, 2026 | $ 9,872.87 |
| June 15, 2026 | $ 9,872.87 |
| July 15, 2026 | $ 9,872.87 |
| August 15, 2026 | $ 59,001.60 |
| September 15, 2026 | $ 9,872.87 |
| October 15, 2026 | $ 9,872.87 |
| November 15, 2026 | $ 9,872.87 |
| September 15, 2026 | $ 9,872.87 |
| October 15, 2026 | $ 9,872.87 |
| November 15, 2026 | $ 9,872.87 |
| December 15, 2026 | $ 9,872.87 |
| January 15, 2027 | $ 9,872.87 |
| February 15, 2027 | $ 9,872.87 |
| March 15, 2027 | $ 9,872.87 |
| April 15, 2027 | $ 9,872.87 |
| May 15, 2027 | $ 9,872.87 |
| June 15, 2027 | $ 9,872.87 |
| July 15, 2027 | $ 9,872.87 |
| August 15, 2027 | $ 59,001.60 |
| September 15, 2027 | $ 9,872.87 |
| October 15, 2027 | $ 9,872.87 |
| November 15, 2027 | $ 9,872.87 |
| December 15, 2027 | $ 9,872.87 |
| January 15, 2028 | $ 9,872.87 |
| February 15, 2028 | $ 9,872.87 |
| March 15, 2028 | $ 9,872.87 |
| April 15, 2028 | $ 9,872.87 |
| May 15, 2028 | $ 9,872.87 |
| June 15, 2028 | $ 9,872.87 |
| July 15, 2028 | $ 9,872.87 |
| August 15, 2028 | $ 56,540.93 |
| September 15, 2028 | $ 9,160.39 |
| October 15, 2028 | $ 9,160.39 |
| November 15, 2028 | $ 9,160.39 |
| December 15, 2028 | $ 9,160.39 |
| January 15, 2029 | $ 9,160.39 |
| February 15, 2029 | $ 9,160.39 |
| March 15, 2029 | $ 9,160.39 |
| April 15, 2029 | $ 9,160.39 |
| May 15, 2029 | $ 9,160.39 |
| June 15, 2029 | $ 9,160.39 |
| July 15, 2029 | $ 9,160.39 |
| August 15, 2029 | $ 54,743.75 |
| September 15, 2029 | $ 9,160.39 |
| October 15, 2029 | $ 9,160.39 |
| November 15, 2029 | $ 9,160.39 |
| December 15, 2029 | $ 9,160.39 |

**EXHIBIT "A"**

| | |
|---|---|
| January 15, 2030 | $ 9,160.39 |
| February 15, 2030 | $ 9,160.39 |
| March 15, 2030 | $ 9,160.39 |
| April 15, 2030 | $ 9,160.39 |
| May 15, 2030 | $ 9,160.39 |
| June 15, 2030 | $ 9,160.39 |
| July 15, 2030 | $ 9,160.39 |
| August 15, 2030 | $ 54,743.75 |
| September 15, 2030 | $ 9,160.39 |
| October 15, 2030 | $ 9,160.39 |
| November 15, 2030 | $ 9,160.39 |

## Calculation of payment

Deere – $ 3,656.57 monthly
Deere - $ 907.20 monthly
Deere - $ 2,382.52 monthly
Deere - $ 1,439.29 monthly
Ally - $11,303.57 Annual
American Honda - $1,883.93 Annual
JP Morgan Chase - $5,526.19 Annual
River Hills Bank - $4,927.35 Annual
River Hills Bank - $5,023.81 Annual
IRS - $12,351.79 Annual
MSDOR - $3,199.22 Annual
Attorney fees $ 500.00 monthly until paid, then $500.00 monthly to unsecured creditors
Trustee Compensation/Expense - $ 987.29  December 2026-July 2026
Trustee Compensation/Expense – $ 5,900.16 August 2026
Trustee Compensation/Expense – $   987.29 September 2026-July 2027
Trustee Compensation/Expense – $ 5,900.16 August 2027
Trustee Compensation/Expense – $   987.29 September 2027-July 2028
Trustee Compensation/Expense – $ 3,438.93 August 2028
Trustee Compensation/Expense – $   274.81 September 2028-July 2029
Trustee Compensation/Expense – $ 1,642.31 August 2029
Trustee Compensation/Expense – $   274.81 September 2029-July 2029
Trustee Compensation/Expense – $ 1,642.31 August 2030
Trustee Compensation/Expense – $   274.81 September 2030-November 2030

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Kevin Alton Walton, Debtor                    Case No. 24-02317-JAW
                                                                      Chapter 12

**PLAN OF REORGANIZATION UNDER CHAPTER 12**

1. This is the Debtor's Chapter 12 Plan filed under 11 U.S.C. §§ 1201–1232.

2. The Debtor operates a family logging and trucking business under Walton Logging of MS, LLC.

3. Plan term: 60 months from confirmation.

4. The Debtor will make monthly and annual payments to the Chapter 12 Trustee as provided herein.

**PLAN FUNDING AND PAYMENTS**

5. Beginning 30 days after confirmation, the Debtor shall make monthly payments sufficient to pay John Deere obligations (per Agreed Order), monthly unsecured distributions of $500 (including attorney fees until paid in full), and Trustee's commission. The monthly payment shall be adjusted as needed by the Trustee.

6. Beginning August 1, 2026, and continuing annually thereafter for five (5) years, the Debtor shall make one annual payment sufficient to pay all secured and priority claims specified in paragraphs 12 and 13, plus Trustee commission.

7. All payments shall be made to the Chapter 12 Trustee for distribution as provided in this Plan.

8. As of the date of confirmation, the Chapter 12 Trustee is holding funds previously paid by the Debtor. Upon confirmation, the Trustee shall apply any funds currently on hand, after deducting the statutory commission, first to allowed administrative expenses

(including Debtor's counsel fees) and then to payments due under this Plan to secured creditors.

### ADMINISTRATIVE EXPENSES AND TRUSTEE FEES

9. Debtor's counsel shall be paid attorney's fees as an administrative expense as allowed by the court after fee application, disbursed from the $500 monthly unsecured pool before any other unsecured creditor receives payment.

10. After counsel is paid in full, the $500/month distribution will continue to unsecured creditors pro rata for the remainder of the plan.

### TREATMENT OF SECURED CLAIMS

11. John Deere Construction & Forestry Company (d/b/a John Deere Financial) is fully secured per the Agreed Order entered December 4, 2024 (Dkt. 37). The total allowed secured debt is $394,670.68, to be paid in 60 equal monthly installments at 10% interest through the Trustee. John Deere retains liens on all collateral and remains fully secured. The Debtor shall maintain all-risk insurance naming John Deere as loss payee. All other terms of the Agreed Order (including default, notice, and abandonment provisions) are incorporated herein by reference.

| Contract | Collateral | Allowed Secured Amount | Interest | Term / Payment | Notes |
|---|---|---|---|---|---|
| A | 859M Feller Buncher / FR22B Disc Saw | $172,097.83 | 10% | 60 equal monthly P&I | Proof of Claim 6 |
| B | 437D Loader / Attachments | $42,697.72 | 10% | 60 equal monthly P&I | Proof of Claim 7 |
| C | 648L Skidder | $112,134.20 | 10% | 60 equal monthly P&I | Proof of Claim 8 |
| D | 700K Dozer | $67,740.93 | 10% | 60 equal monthly P&I | Proof of Claim 9 |

12. All remaining secured creditors will be paid the value of their collateral in five (5) equal annual installments with 8% interest through the Trustee. The first annual payment shall be due August 1, 2026.

| Creditor | Collateral | Collateral Value | Interest | Term | Payment | Treatment |
|---|---|---|---|---|---|---|
| Ally Financial | 2019 Ram 5500 | $45,000 | 8% | 5 yrs | Annual | Paid value in 5 equal annual installments at 8% interest; unsecured balance ($15,901.59) to unsecured pool. |
| American Honda Finance | 2019 Honda Pioneer ATV | $7,500 | 8% | 5 yrs | Annual | Paid value in 5 equal annual installments; unsecured portion ($4,578.10) to pool. |
| Chase Auto Finance | 2018 Jeep Wrangler | $22,000 | 8% | 5 yrs | Annual | Paid value in 5 equal annual installments; unsecured portion ($3,478.62) to pool. |
| River Hills Bank (Mack Truck) | 2012 Mack Truck | $19,615.51 | 8% | 5 yrs | Annual | Paid value at 8% interest; |
| River Hills Bank (Peterbilt) | 2012 Peterbilt Truck | $20,000 | 8% | 5 yrs | Annual | Paid value at 8%; unsecured ($28,320.88) to pool. |

## PRIORITY CLAIMS

13. IRS: $61,758.95 to be paid in full with 0% interest over five (5) years in annual installments beginning August 1, 2026.

14. Mississippi Department of Revenue: $10,006.01 to be paid in full with 0% interest over five (5) years in annual installments beginning August 1, 2026.

| Creditor | Amount | Interest | Term | Payment | Notes |
|---|---|---|---|---|---|
| IRS | $61,758.95 | 0% | 5 yrs | Annual | Paid in full over 5 years beginning Aug 1, 2026. |
| Mississippi Department of Revenue | $10,006.01 | 0% | 5 yrs | Annual | Paid in full over 5 years beginning Aug 1, 2026. |

## UNSECURED CLAIMS

Page 3 of 6

15. Unsecured creditors, including deficiency balances and unsecured portions of secured claims, shall receive a pro rata share of $500 per month after attorney's fees are paid in full. No interest shall accrue on unsecured claims during the plan term.

### EXECUTORY CONTRACTS AND LEASES

16. The Debtor rejects all executory contracts and leases not specifically assumed.

### INSURANCE, TAXES, AND REPORTING

17. Debtor shall maintain hazard, casualty, and liability insurance on all property and name each secured creditor as loss payee.

18. Debtor shall timely file all federal and state tax returns and pay all post-petition taxes.

19. Monthly operating reports shall be filed until substantial consummation.

### DISPOSABLE INCOME AND FEASIBILITY

20. All projected disposable income from Debtor's logging and trucking operations will be applied to plan payments. Debtor's projected revenue and expense budget demonstrate the ability to fund all obligations under this Plan.

### VESTING AND DISCHARGE

21. All property of the estate revests in the Debtor upon confirmation, subject to valid liens. Upon completion of all payments, Debtor shall receive a discharge under §1228(a).

### DEFAULT AND REMEDIES

22. If Debtor fails to make payments when due, any secured creditor may file a notice of default. If the default is not cured within 14 days, the creditor may seek relief from the stay, consistent with §362(d) and the John Deere Agreed Order.

### OTHER PROVISIONS

23. The Plan incorporates by reference the Agreed Order Resolving John Deere's Objection (Dkt. 37).

24. Any future modification of this Plan must preserve those terms unless modified with John Deere's written consent.

25. Trustee may adjust the total payments slightly to account for commission rounding and to ensure full payment of all claims.

Respectfully submitted,

By: /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm
P.O. Box 13767
Jackson, MS 39236
601.500.5333
trollins@therollinsfirm.com
Attorney for Kevin Walton

| EXHIBIT A – PLAN PAYMENT CALCULATION SUMMARY ||
|---|---|
| **MONTHLY PAYMENTS (beginning 30 days after confirmation)** | |
| Description | Amount |
| John Deere Financial (per Agreed Order – 10% interest, 60 months) | $8,385 / month |
| Unsecured & Administrative Pool | $500 / month |
| Trustee Commission (10%) included | — |
| **Total Monthly Payment to Trustee** | **$9,872 / month** |
| | |
| **ANNUAL PAYMENTS (first due August 1, 2026, and annually thereafter through 2030)** | |
| Description | Amount |
| Other Secured Creditors (8% × 5 yrs) | $28,582 / year |
| Priority Tax Creditors (0% × 5 yrs) | $14,353 / year |
| Trustee Commission (10%) included | — |
| **Total Annual Payment to Trustee** | **$47,705 / year** |
| | |
| **ESTIMATED TOTAL PLAN FUNDING (all creditors + trustee fees):** | |
| $830,845 | |